# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 23-744V

| | |
|---|---|
| LORI HESS-ROSIO,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: May 22, 2025 |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.*

*Meghan Murphy, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION AWARDING DAMAGES[1]

On May 22, 2023, Lori Hess-Rosio filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered from a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccination administered to her on January 3, 2022. Pet., ECF No. 1. Petitioner further alleges that the vaccine was received in the United States, she suffered sequela of her injury for more than six months, and neither Petitioner nor any other party has ever received compensation in the form of an award or settlement for her vaccine-related injury. *Id.* The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On May 2, 2024, a Ruling on Entitlement was issued, finding Petitioner entitled to compensation for her SIRVA. ECF No. 18. On May 21, 2025, Respondent filed a Proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $95,000.00 in pain and suffering and $213.07 to satisfy the State of Wisconsin Department of Health Services Medicaid lien. Proffer at 1-2, ECF No. 33. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *See id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner:**

A. **A lump sum payment of $95,000.00 for pain and suffering to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner; and**

B. **A lump sum payment of $213.07, representing compensation for satisfaction of the State of Wisconsin Department of Health Services Medicaid lien, in the form of a check payable jointly to Petitioner and:**

> **Wisconsin Casualty Recovery**
> **5615 High Point Drive**
> **Suite 100**
> **Irving, Texas 75038-9984**

**Petitioner agrees to endorse the check to Wisconsin Casualty Recovery for satisfaction of the Medicaid lien.**

This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| LORI HESS-ROSIO,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH<br>AND HUMAN SERVICES,<br><br>Respondent. | No. 23-744V<br>Chief Special Master Corcoran<br>ECF |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On May 22, 2023, Lori Hess-Rosio ("petitioner") filed a petition for compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended, alleging that she suffered from a left shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccination received on January 3, 2022. See Petition at 1. On April 29, 2024, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case was appropriate for compensation under the terms of the Act. ECF No. 16. On May 2, 2024, Chief Special Master Corcoran issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 18.

**I.  Items of Compensation**

   A.  Pain and Suffering

Respondent proffers that petitioner should be awarded $95,000.00 in pain and suffering. See 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

B. <u>Medicaid Lien</u>

Respondent proffers that petitioner should be awarded funds to satisfy the State of Wisconsin Department of Health Services Medicaid lien in the amount of $213.07, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Wisconsin may have against any individual as a result of any Medicaid payments the State of Wisconsin has made to or on behalf of petitioner from the date of her eligibility for benefits through the date of judgment in this case as a result of her alleged vaccine-related injury suffered on or about January 3, 2022 under Title XIX of the Social Security Act.

The above amounts represent all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

**II.    Form of the Award**

Petitioner is a competent adult.  Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that Chief Special Master Corcoran's decision and the Court's judgment award the following[1]:

A.  A lump sum payment of **$95,000.00**, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner; and

B.  A lump sum payment of **$213.07**, representing compensation for satisfaction of the State of Wisconsin Department of Health Services Medicaid lien, in the form of a check payable jointly to petitioner and:

> Wisconsin Casualty Recovery
> 5615 High Point Drive Suite 100
> Irving, Texas 75038-9984

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future, unreimbursed expenses, future lost earnings and future pain and suffering.

Petitioner agrees to endorse the check to Wisconsin Casualty Recovery for satisfaction of the Medicaid lien.

**III.     Summary of Recommended Payment Following Judgment**

    **A.** Lump sum payable to petitioner, Lori Hess-Rosio:  **$95,000.00**

    **B.** Reimbursement of Medicaid lien payable jointly to Petitioner and Wisconsin Casualty Recovery:  **$213.07**

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

/s/ *Meghan R. Murphy*
MEGHAN R. MURPHY
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel:  (202) 616-4264
meghan.r.murphy@usdoj.gov

DATED: May 21, 2025